Good afternoon. May it please the Court, I'd like to reserve five minutes for rebuttal. Since this has been briefed... Can we get your name for the record, please? Michael Sofris, appearing for Michael and Sofris, APC. Thank you, Mr. Chair. We've got ten minutes aside. Can I ask you how much money is at stake in this? Forty-two thousand, about $42,000. For one person or for several people? That is the ambiguity here, Your Honor. How much at the moment is any one person bearing? How much at the moment has any one person paid? How much at the moment is one person liable for? It is my understanding from the opinion of the... as it stands now, there are four out of the twelve that are liable for $42,000. If it's... it could be split $10,000 apiece. It could be split $10,000 apiece, but that's not what the BAP had held. And that was... and that's the problem that particularly arises out of this. But they could get contribution if they were not really the... Well, that's the procedure that's not explained here. They could get contribution. Now, I'm being... or indemnity. I go to state court and I seek an indemnity claim and get a default judgment, and they argue that that's not correct, even though that opinion says it's correct. What should have happened here is the court should have had everybody before it and said, you know, either you're liable for the whole or you're liable for a portion. It couldn't do that. I... what the BAP did is take the two parts of the statute and collapse them because what it said is it took the approximately caused portion and went into this whole argument about contribution, indemnity, and this court logic. And I would agree that if they wanted to bring a motion against me personally under the bad dates section, which was the front two of the statute, that might have been completely appropriate. But they were seeking damages against all petitioning creditors, and they went forward with the motion against all petitioning creditors, naming only me at that particular time. Where we start is with Vortex, which says there's a rebuttable presumption that fees should be awarded. So that rebuttable presumption is against all petitioning creditors. Now, all the creditors, I would believe that those petitioning creditors could come back to court and respond and say, well, I shouldn't be liable for this portion or that portion, or the moving party could argue why certain creditors should not be liable for certain portions of the attorneys' fees. But that wasn't even addressed here. This was sort of the court thought it had everybody in front of it and actually did not have everybody in front of it And then tried to rectify it with different parties coming in and making motions thereafter, which I was in a party to at that time. Could they go just after you, not serve all the other petitioning parties, but just say we want to get fees against Mr. Sophris? That is, when you read the briefs that were argued in the motion, that is exactly what their position was. Was Mr. Sophris was the spearhead, he was the ringleader. And before this Court, I was not, and I don't think there's any finding in the record that says Mr. Sophris was the lead. If you win today and we say, okay, there's none of this joint and several liability, goes back and they can go after whoever they want to go after, leaving it up to the bankruptcy judge to decide what, if anything, you ought to be socked with, is that? That is correct. What would happen on a remand is, one, we had certain events that occurred after. That's certainly what the bankruptcy court is going to have to consider. It's going to have to consider what effect my judgment has, what effect the Mepa-Wentworth judgment has. It's going to have to consider these other parties and who was, who implemented this whole scheme, if there was a scheme. It's going to have to consider the validity of the release, which it ignored. Judge Ahart was Has there been a ruling on whether the people who signed the release had the authority to sign the release? Has that been resolved? It's been resolved for my purposes in the state court where I sue on the release saying, hey, you breached the release by going forward. That was the action in the state court, which is exactly what Judge Ahart, per my understanding Didn't you come up with a release? Did I come up with a release? Yes. Yes, I produced a release in the federal court and And they say that the people who signed the release didn't have the authority to sign the release. Okay, this was a two-party, this is, the initial presentation of this case is two parties fighting for control of a corporation. My question to you is, has it been resolved that the people that you're, the people who signed the release that you're the proponent of, has it been definitively resolved that they did or did not have the authority to sign the release? No, it has not been. What they have is a judgment saying who's the controlling group as of this time. And who is that? That would be the name of the Shlush Marlow faction. So right now we would, if that's the situation at the moment, your release is no good. No, the situation is I have a competing, another judgment that says that the judgment for $55,000 for violating the terms of the release. Now the release comes down to who had authority at the point in time to sign the release and who had ostensible authority and who was an agent of who. Those particular matters have not been addressed by any court. Mine is a default judgment. I was in a party to the underlying proceeding in the state court. These were matters that should have been, it was a cart before the horse problem, but it was never addressed in the bankruptcy court. When I ask you, you take the position that everybody should have been served. That's all I'm requesting. Supposing they couldn't get service, would that prevent them from going ahead? No, because when somebody signs a petition, they put their address on it. That's the address for service. Nobody is asking for personal service. This isn't an adversary proceeding, which the court was asking me to do, which would have required personal service. What it is, it's a motion. Once you're a party, the court has jurisdiction after you. You put your name and address onto a petition. You serve that address, and unless you file something with the court that says change of address, it's presumed to be proper service. In this case, it wasn't served. Well, let me give you my impression of the case. There are two factions fighting over a piece of property. The bankruptcy judge is a practical fellow. He wants the practical solution. He looks at what's going on. He dismisses the case, and then he finds certain people got this going, and he assesses the cause against them. And then the BAP approves that. And it's the end of one piece of litigation, which apparently shouldn't have been started. But why should it drag on up to the circuit and then back again? I mean, what's the point of it all? Your Honor, the BAP opinion specifically says that it's going to be, It says, okay, now, Mr. Sofers, rather than doing it in this one form, now go after those other two. They're saying mine was the largest claim. Actually, the other party that wasn't joined was the largest claim. I don't know if they settled with the other side or not. I'm going to presume that there was no resolution between the other, between other, you know, and that's another problem. What happens if petitioners resolve a claim, and then they want to go after other petitioners? That's not addressed. But that opinion basically says, Mr. Sofers, you have the right to go after all these other people. It doesn't say which court or which forum. But the fact that I did it in another court on the indemnity claim has brought up the argument that I'm fraudulent and I'm making misrepresentations to the court, which are not, which certainly aren't true. But it certainly is the problem of what the BAP says and what the procedure is now going to be in the Ninth Circuit, which we are going to follow. Okay, you can only go after one. Let's go after him and then leave the burden on him to keep on dragging this litigation out. I know probably Judge Ahart wanted to end this matter that particular day. And it comes off pretty clearly on the, it seems like it was an afterthought in the transcript. Oh, everybody wasn't served? Then just those people who were served with the motion and, you know, and left it and tried to resolve it rather than continue it to have everybody served. And whether they appeared or not, you know, is up to the discretion of those parties. Are you saying they had to have been served? Everybody had to have been served? Everybody had to be served with the initial motion. Okay, if it was a motion just for punitive damages and damages under Section 2, which is the sort of the malicious portion of the statute, that can go after one person. If you're going to go after just the part that says all the petitioners, you have to serve all the petitioners. And in this case, there were about 12 petitioners. And then the judge would, after everybody served, decide how to divvy it up. Correct. Okay, thank you. Thank you. Good afternoon. David Scott Caden, K-A-D-I-N, for the appellate. To answer Justice Noonan's question, has there been a final adjudication about which faction owns Maple, Witwer, Think? Yes, there has. My client's faction was held to be based upon a final judgment to be the faction that owns Maple, Witwer, Think. And therefore, any purported release for such a nominal consideration, which we believe was in collusion with the people bringing the involuntary bankruptcy, was invalid. Just briefly, Section 303, a reasonable and fair interpretation of 303, is that it would be joint and several liability of the petitioning creditors whom the alleged debtor goes after, which petitioning creditors have been served, and you seek to go recover attorney's fees against them. The reason for that is in the Section 303, it doesn't say that all petitioners, the only all petitioners refers to the dismissal of the petition other than on consent of all petitioners. When it refers to against the petitioners, it doesn't say against all petitioners. It just says against the petitioners. So a reasonable interpretation is an alleged debtor who files a motion for attorney's fees does not have to go after each and every petitioning creditor. And in fact, if someone goes after less than all the petitioning creditors, then any creditor who is determined to be liable for attorney's fees must be served. And that's what Judge Ahart and the majority of the BAP panel found, that only individuals who have been served can be liable for attorney's fees. And we're not taking the position that anyone who has not been served is liable for attorney's fees, only the petitioning creditors who have been served. Now, someone such as the appellant who may be determined to be liable for attorney's fees, as appellees pointed out in their motions and as the BAP panel pointed out, has several alternatives right in that action. That person could file a motion for jointer of non-joined parties if he or she thinks other parties should be joined. That person can file another action for indemnity. That person can file a separate action for contribution or apportionment. And all of that could even be filed in conjunction with the pending motion. So if Mr. Sofer said or felt, well, gee, these other creditors, you know, you're going against me and I could have claims against these other individuals, he has certain relief in connection with that pending motion as any creditor, petitioning creditor against whom attorney's fees are sought has such relief. And he, in fact, didn't do so. He sat on his rights. And if, in fact, he would have gone after them, I mean, to show that you really don't have to go after them, even in his opposition to the motion for attorney's fees, he never even brought up served copies of his opposition on the other petitioning creditors whom he says should be brought in. He could have alerted them in saying, hey, I'm being served. Attorney's fees are getting requested against me and several other petitioning creditors. You guys should know about it. He could have served copies of his opposition on them, and he never did so. I have kind of a basic question about what happened before the bankruptcy court. I understand you only sought fees and costs against the Soltis, Michael Soltis, is that correct? Yes, yes. But the judgment order included all of the served petitioning creditors, did it not? In other words, the judgment order was broader than your request? I don't recall it being broader, Your Honor. Did the bankruptcy judge enter judgment under 303 against the other petitioners who were served with the motion? I believe, yes, I believe so, yes. So the relief was actually broader than your request? I'd have to double check to see the actual motion. I don't recall it specifically. I mean, I can look at it. I can have a copy of it in the transcript. I was curious about the status of the other petitioners who were given notice. They have not, no one has filed anything except a couple of what are called the additional petitioning creditors. After the summary judgment was granted, there were a couple other additional petitioning creditors who joined in the original petition. The bankruptcy court ordered attorney's fees against them. They filed objections, and then we did a non-opposition. So we agreed the, quote, unquote, additional petitioning creditors, against whom no relief was sought at all, we said, yes, there shouldn't be any attorney's fees against you because you only joined in after the fact and after even, I think, the summary judgment was granted. So there was no relief against them. That I'm sure of. Did the bankruptcy judge consider any issues of culpability or responsibility in assessing the fees as to Mr. Soltis? No, only as far as culpability regarding punitive damages which were sought. And the bankruptcy court determined that he did not find that there was bad faith or punitive conduct involved, so he did not assess any punitive damages. He did not determine any particular culpability as to any individual person, though. To answer your question, though. Yes. I was wondering, under Higgins, whether there was any basis in the record for singling one petitioner out among all for assessment of fees and costs. No. That would only apply if the court awarded punitive damages, and we would agree that that would have to be against a particular individual. And there would not necessarily be joint and several liability for punitive damages because 303 refers to basically any specific petitioning creditor who acts in bad faith. So if there would be a finding of bad faith as to a particular petitioning creditor, that would not, and we would not state that all of the petitioning creditors would be jointly and severally liable for the punitive damages. And so with that, again, just we would respectfully submit that the judge Ahart's ruling, as well as the BAP panel, as well as to the extent that this Court exercised any de novo review, determined that the attorney's fees awarded were properly awarded. Thank you. Thank you. First, you have about just a few seconds left. Your Honor, I think it's been very well briefed. I have nothing to add unless the Court has any questions. Fair enough. Thanks, gentlemen. Please, Mr. Starkey, to submit. We'll stay in recess for the day. Thank you.
judges: Noonan, Silverman, Conlon